UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DANTE DANIELS,

                            Plaintiff,

     -against-

CITY OF NEW YORK, MICHAEL LICONTI, "JOHN"
CEPERANO, MICHAEL HOTALING, and JOHN and JANE DOE
1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                            Defendants.

---------------------------------------------------------------X

**COMPLAINT**

Docket No.
CV11- 3488
Jury Trial Demanded

MAUSKOPF, J.
GO, M.J.

FILED
CLERK
2011 JUL 20 AM 11: 03
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

     Plaintiff DANTE DANIELS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

     1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DANTE DANIELS is an eighteen year old African American male, with cerebral palsy, who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL LICONTI, "JOHN" CEPERANO, MICHA HOTALING, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 22, 2010, at approximately 11:00 p.m., plaintiff was a lawfully present at a bus stop across the street from 203 Richmond Avenue, Staten Island, New York.

13. At that time and place, the defendant police officers approached Mr. Daniels and told him to walk down the block to the next bus stop.

14. Mr. Daniels, who has cerebral palsy, responded by stating in sum and substance: "my legs hurt; I can't walk to the next bus stop."

15. In addition, plaintiff's friend informed the defendant officers that plaintiff is disabled.

16. A defendant officer responded in sum and substance: "I don't give a fuck if he is disabled."

17. Notwithstanding his pain and disability, plaintiff turned to walk to the next bus stop, when a defendant officer forcefully pushed plaintiff on his back near his shoulders, causing plaintiff to fall forward to his knees.

18. After standing back up with his friend's assistance, plaintiff asked the defendant officers, in sum and substance, why they pushed him, at which time a defendant officer punched plaintiff in the left side of his head.

19. Thereafter, plaintiff fell to the ground again and the defendant police officers held plaintiffs arms, punched plaintiff in the ribs, and attempted to slam plaintiff's head into the ground.

3

20. The defendant officers then placed handcuffs on plaintiff's wrists and imprisoned plaintiff inside a police vehicle.

21. While inside the police vehicle, defendant officers smacked plaintiff on his face and head, and threw plaintiff's glasses out of the window of the police vehicle.

22. Thereafter, the defendants transported plaintiff to an NYPD police precinct and imprisoned him therein.

23. The defendants unlawfully imprisoned plaintiff until the next day when they transported plaintiff to Richmond County Criminal Court.

24. On May 23, 2010, the Richmond County District Attorney's Office declined to prosecute plaintiff, causing plaintiff to finally be released without charges being filed against him.

25. The defendant officers initiated process against plaintiff with malice, and otherwise caused said process to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

26. Defendant HOTALING supervised defendant LICONTI and CEPERANO and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of plaintiff.

27. All of the above occurred while other defendant NYPD officers who were present, or otherwise aware of the incident, failed to intervene in the illegal conduct described herein.

28. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate

4

screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race and disability.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the proper way to use force, that they abuse their authority by arresting individuals in an attempt to cover up their use of excessive force, and that they are otherwise insensitive to people with disabilities.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff DANTE DANIELS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff DANTE DANIELS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DANTE DANIELS' constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiff DANTE DANIELS was subjected to excessive force and sustained physical injuries.

43. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants arrested plaintiff DANTE DANIELS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46. Defendants caused plaintiff DANTE DANIELS to be falsely arrested and unlawfully imprisoned.

47. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.   Defendants maliciously issued criminal process against plaintiff DANTE DANIELS by causing him to appear in Richmond County Criminal Court.

50.   Defendants caused plaintiff DANTE DANIELS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

51.   As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.   Defendants had an affirmative duty to intervene on behalf of plaintiff DANTE DANIELS, whose constitutional rights were being violated in their presence by other officers.

54.   The defendants failed to intervene to prevent the unlawful conduct described herein.

55.   As a result of the foregoing, plaintiff DANTE DANIELS was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his

safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

56. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff DANTE DANIELS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

59. As a result of the foregoing, plaintiff DANTE DANIELS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

60. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendants personally caused plaintiff DANTE DANIELS'

constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violations of §202 of the Rehabilitation Act and §504 of the Rehabilitation Act)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through 63" with the same force and effect as if fully set forth herein.

65. Plaintiff DANTE DANIELS qualifies as a person with a physical impairment that substantially limits one or more of the major life activities of such individual, or in the alternative as an individual with a record of such impairment.

66. The above-described conduct amounts to discrimination against plaintiff DANTE DANIELS that violates §202 of the Americans with Disabilities Act, and §504 of the Rehabilitation Act.

67. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTHCAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, insensitivity to disabled persons, as well as falsely arresting citizens and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DANTE DANIELS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DANTE DANIELS.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DANTE DANIELS as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DANTE DANIELS as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DANTE DANIELS was seized, subjected to excessive force, falsely arrested and imprisoned.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DANTE DANIELS' constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff DANTE DANIELS of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from the use of excessive force and/or the failure to intervene;

   C. To be free from seizure and arrest not based upon probable cause;

   D. To be free from malicious abuse of process;

   E. To be free from false imprisonment/arrest;

   F. To receive equal protection under law.

77. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

80. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants arrested plaintiff without probable cause.

86. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

87. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

88. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

89. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. As a result of the foregoing, plaintiff DANTE DANIELS was placed in apprehension of imminent harmful and offensive bodily contact.

92. As a result of defendants' conduct, plaintiff DANTE DANIELS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendants made offensive contact with plaintiff without privilege or consent.

96. As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Richmond County Criminal Court.

100. Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

101. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

104. The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant CITY OF NEW YORK.

105. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

106. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

107. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

108. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

111. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

112. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

113. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

115. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

116. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

119. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

122. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

124. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

125.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.  As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

127.  As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DANTE DANIELS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 20, 2011

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff DANTE DANIELS